By the Court.
We will first consider the case of Mr. Cameron. It is ruled by the principle laid down in The State v. Baxter, 89 Ohio St., 269. That was a prosecution of an officer of the state for converting public money temporarily to his own use in violation of Section 12876, General Code. This court decided that the fact that the accused returned money of equal amount to the trust fund before his secret appropriation of it became known, was no defense to the charge of embezzlement, and that it is the design and policy of that section and kindred statutes to prevent public officers and agents from using public funds in their possession or under their control in any manner or for any purpose not expressly authorized by law.
Counsel for Cameron do not question the validity of that principle, but they endeavor to distinguish this case from the Baxter case. They treat this case as founded upon Section 12873, General Code. As the prosecuting attorney and the court below so treated it, we shall so consider it for the purpose of passing upon the exceptions to the decision below.
*53 By way of raising the distinction, which they would have us adopt, they recite the original enactment of this law in Section 15 of the “Act to establish an independent treasury of the state of Ohio,” passed April 12, 1858 (55 O. L., 49; 2 S. & C. Stats., 1610). That act is somewhat prolix, after the style of ancient statutes, and the codifiers have pruned its language and subdivided its contents without changing its essential structure or substance. It was reenacted in the Revised Statutes as Sections 6841 and 7299. Section 6841 was again subdivided into Sections 12873 and 12874 in the General Code and Section 7299 reappears as Section 13674. Section 12873 sets forth what acts shall constitute this crime of embezzlement, and the imprisonment and the fine which shall be inflicted upon the embezzler. Section 12874 provides that the fine shall operate as a judgment upon the estate of the embezzler and be enforced by execution or other process for the use only of the owner of the money or other funds so embezzled. Section 13674, now placed in the chapter entitled “Trial and Proceedings Incident Thereto,” under the subtitle “Evidence,” describes what facts shall be prima facie proof of the commission of the crime.
Our discussion will neither be simplified nor clarified by quoting here the old statute verbatim; it would occupy four pages of this report. The bone of contention will clearly appear by bringing together the three parts of this old law, in their original consecutive order and essential form, but *54 purged of useless verbiage, as they have stood in the Revised Statutes for 35 years.
“Sec. 12873. Whoever, being charged with the collection, receipt, safekeeping, transfer or disbursement of public money * * * belonging to the state, * * * converts to his own use, or to the use of any other person, body corporate, association or party, or uses by way of investment in any kind of security, stock, loan, * * * or in any other manner or form, or loans with or without interest to a company, corporation, association or individual, or, except as provided by law, deposits with a company, corporation or individual, public money or other funds, controlled or held by him for safekeeping or in trust for a specific purpose, transfer or disbursement, or in any other way or manner, or for any other purpose, shall be guilty of embezzlement of the money * * * thus converted, used, invested, loaned, deposited or paid out, and shall be imprisoned in the penitentiary not less than one year nor more than twenty-one years and fined double the amount of money * * * embezzled. (R. S. Sec. 6841.)
“Sec. 12874. The fine, provided for in the next preceding section, shall operate as a judgment at law on all of the estate of the person sentenced and be enforced to collection by execútion or other process for the use only of the owner of the property or effects so embezzled, and such fine shall only be released or entered as satisfied by the person in interest as aforesaid. (R. S. Sec. 6841.)
*55 “Sec. 13674. Failure pr refusal to pay over, or produce the public money, or part thereof, by an officer or other person charged with the collection, receipt, transfer, disbursement or safe-keeping of such money, or part thereof, whether belonging to the state, or a county, township, municipal corporation or board of education in this state, or other public money, or to account to, or make settlement with a legal authority, of the official accounts of such officer or person, shall be prima facie evidence of the embezzlement thereof. Upon the trial of such officer or person for the embezzlement of public money under any provision of law, it shall be sufficient evidence, for the purpose of showing a balance against him, to produce a transcript from the books of the auditor of state, auditor of the county or the records of the commissioners of the county. The refusal of such officer or person, whether in or out of office, to pay a draft, order or warrant drawn upon him by an authorized officer, for public money in his hands, or a refusal by a person or public officer to promptly pay over to his successor public money or securities on the legal requirement of an authorized officer of the state or county, on the trial of an indictment against him for embezzlement, shall be prima facie evidence thereof. (R. S. Sec. 7299)/'
Now, reading the sections as if they were one, counsel for Mr. Cameron say (to use their own language): “This statute means that the method of fraudulently appropriating public money in the manner set out in the statute shall constitute em *56 bezzlement. But there must be fraudulent appropriation. The owner must be deprived of his property. The officer must fail to account. There must be a default. It means that if the money is lost the officer will not be heard to say that he did not intend to embezzle it. That if it is lost he will be held for embezzlement.”
Here we have precisely the same question which was raised in the Baxter case, supra. The statute in that case, Section 12876, reads: “Whoever, being elected or appointed to an office of public trust or profit, * * * embezzles or converts to his own use, * * * anything of value that shall come into his possession by virtue of such office or employment, is guilty of embezzlement.”
We held that (1) the temporary appropriation of the public money by an officer to his own use, with the intention of restoring it, is a conversion within the meaning of that statute; (2) that he thereby violates that statute though he be not a defaulter, and (3) the return of the money will not expunge the guilt.
Counsel do not ask us to reverse that ruling, but they would persuade us that the three sections above quoted, taken together as one, define' a different offense than that defined in Section 12876 and require that the money converted, loaned or deposited be lost and not recovered into the state treasury, before the embezzlement is complete.
It would be a tedious task and a futile consumption of time and space, if we would review in detail the able argument of the learned counsel of •the accused in their exhaustive brief of 225 pages. *57 They give us a critical analysis and comparison of all the legislation of Ohio upon the subject of embezzlement from the year 1836 to the present time, together with the judicial utterance of the courts of this and many other states upon every phase of the particular problem at hand. We must content ourselves with a statement of their principal and controlling proposition.
It is in short this: The interweaving of that part, which appears above as Section 12874, into the very web and woof of the original statute of 1858, makes that a part of the very definition of the crime, and manifests that the legislative mind contemplated that the converting, using, loaning, investing or depositing of public money, “which is hereby declared to be a high crime,” must result in its loss to somebody.
They observe that if there be a crime, then a fine of double the amount embezzled must be inflicted, as a part of the penalty, for the use of the owner of the money. They argue that this implies that the owner shall have lost his money, for if the money be returned with interest, and if the officer who appropriated it only temporarily must, in addition to its return, pay to the owner double the amount so returned as a penalty for the temporary misappropriation, then the owner, be he a citizen or the state itself, recovers his money threefold.
Grant this is a possible result of the construction contended for by the state, is it such cruel and unusual punishment, in contravention of the constitution of the state (Article I, Section 9), as demonstrates that the legislature did not intend *58 such a result? The student who has gleaned his knowledge of the history of the common law from Blackstone only, well knows that treble damages have been awarded for many forms of mere civil delict, from the days of the Saxon freemen down to the present times. Nay, more, in most if not all of the states of this Union treble damages are still allowed for trespass, waste, nuisance and other private injuries, even without violence or intentional wrong; and in our own state today there is no limit on the punitive damage a jury may award, in addition to the just recompense for personal wrongs involving the elements of fraud, malice, insult or wanton cruelty.
Our attention is called to the circumstance that the description of the evidence which is sufficient to make prima facie proof of the crime, was originally included in the section of the statute which defined the crime itself. But this does not make that description of the evidence a part of the definition of the crime. The latter belongs to the domain of positive law, while the former is a part of the adjective law. The function which each of the two things performs in the legal system determines its essential character. The former is now in the proper place in the Code, where it belongs according to logical classification. Confusion of ideas arises when we blend the two distinct concepts in thought as one, and this leads to false interpretation. The purpose of legal analysis is to discriminate and distinguish between things which are separable and different. The authors of the law did not blend and confuse the crime with *59 the evidence and the remedy, although they combined the description of all three in a single section; one follows the other and each is complete in itself, thus: First, the crime; second, the penalty and the use to be made of the money penalty; and third, the prima facie evidence of the commission of the crime. Each is as distinct as if they had been enacted as separate sections, as they now appear in the more scientific arrangement of our Code.
Nor is there any force in the argument that the legislature never intended to inflict a fine in double the amount embezzled, to be enforced for the use of the owner, if the owner’s money be returned before prosecution or conviction. This is but another form of the defense presented in the Baxter case, namely, that reparation obliterates the crime. We rejected that defense, holding that the unlawful appropriation of public money for any purpose not allowed by law constitutes the crime. So in this case, the crime was complete before the money was restored, and the penalty prescribed by the law must follow conviction, no matter for whose use it is recovered, nor whether it repairs the loss threefold or only twofold. The prosecution is not to recompense the loser but to punish the offender. The circumstance that the statute incidentally seeks to enforce repayment of the money to the loser, is just as immaterial to the question of the guilt of the accused as is the other fact that the accused has already repaid the money. The material fact, admitted by the demurrer to be true, is that this constitutional officer of the state, having in custody public money for safekeeping and disbursement ac *60 cording to law, lent the money to a bank at interest for his own and the bank’s use. This was a breach of trust which the statute plainly prohibits.
As to the case of Huling, the charge in the indictment is that he unlawfully and wilfully aided and abetted the defendant state treasurer in the doing of the acts which are charged against the latter in the indictment.
There is no allegation that any act done by Huling in aiding and abetting the defendant Cameron was done with knowledge of the source of the funds deposited nor of their ownership. There is no allegation from which the law would raise a presumption of such knowledge. Huling sustained no official relationship to the funds. He had no official duty to perform with reference to them. The offense defined by the statute on which the indictment is based being one that arises out of the acts of an official who held the funds as such official, in order that one who held no such official connection with the funds can be held as an aider or abettor of such official, it is essential that he have knowledge of the character of the funds unlawfully dealt with.
Guilty knowledge is an essential ingredient of crime. Birney v. The State, 8 Ohio, 230; Kilbourne v. The State, 84 Ohio St., 247, 253, et seq.
The instances in which it is not necessary to affirmatively aver such knowledge are those in which the declared purpose of the statute discloses the legislative intent to the contrary, as in the case of the sale of adulterated food.
*61 The exceptions as to Cameron, defendant, are sustained, and as to Huling are overruled.
Nichols, C. J., Johnson, Wanamaker and Wilkin, JJ., concur as to Cameron, and Si-iauck, Johnson, Newman and Wilkin, JJ., concur as to Huling. Donahue, J., concurs in the judgment overruling the exceptions as to Huling.